**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SUNIEL MICHAEL ROSS,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　Agency.

DOCKET NUMBER
PH-315H-15-0065-I-1

DATE: May 13, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Suniel Michael Ross, Warwick, Rhode Island, pro se.

Heather A. Southwell, Esquire, and Shira L. Krieger, Esquire,  New York,
　　New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The appellant received a career-conditional appointment to the position of Clerk, GS-5, with the agency's Internal Revenue Service (IRS), effective December 30, 2013. Initial Appeal File (IAF), Tab 7 at 6. The appointment was subject to completion of a 1-year probationary period beginning that same date. *Id.* On October 14, 2014, the appellant was notified that he was to be terminated during his probationary period, effective October 17, 2014, because, on three occasions, he attempted unauthorized access to the account of a covered taxpayer, for reasons not related to his assigned duties, in violation of IRS policy. *Id.*, Tab 1 at 7-8. An investigation into the matter revealed that the taxpayer whose account the appellant attempted to access was his ex-wife. *Id.*, Tab 5 at 29. The appellant was terminated on October 17, 2014. *Id.*, Tab 7 at 9.

¶3       On appeal, the appellant argued that the manner in which the agency conducted an investigation into his actions violated certain provisions of the collective bargaining agreement. *Id.*, Tab 1 at 5. The administrative judge issued an order in which he advised the appellant of the limited ways in which he could establish the Board's jurisdiction over his appeal, specifically, by raising a nonfrivolous allegation that he was terminated based on partisan political reasons

or marital status or that the termination was based in whole or in part of preappointment reasons, or by showing that he had, in fact, completed his probationary period or was otherwise an "employee" with appeal rights to the Board under 5 U.S.C. chapter 75, IAF, Tab 2. The administrative judge ordered the appellant to respond within 15 calendar days of the date of the order, *id.*, but he failed to do so.

¶4      In his initial decision, the administrative judge found that the appellant had failed to show that he had completed his probationary period or that he was an "employee" under 5 U.S.C. § 7511 with appeal rights to the Board, and that he had not nonfrivolously alleged that he was terminated for pre-appointment reasons or because of partisan political reasons or marital status. IAF, Tab 8, Initial Decision (ID) at 3-4. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 1, 4.

¶5      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶6      To qualify as an "employee" in the competitive service with adverse action appeal rights to the Board, an individual must show that he is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002); *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 5 (2008). A probationary employee in the competitive service can only bring an appeal of his termination to the Board under very limited circumstances: (1) the employee was discriminated against on account of his marital status or based on partisan political affiliation; or (2) the agency action was based, in whole or in part, on issues that arose preappointment and the required procedures were not followed. *Blount v. Department of the Treasury,* 109 M.S.P.R. 174, ¶ 5 (2008); 5 C.F.R. §§ 315.805, 315.806.

¶7	An appellant who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); 5 C.F.R. § 315.802(b). Alternatively, an employee can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed 1 year of current continuous service without a break in federal civilian employment of a workday. *Hurston*, 113 M.S.P.R. 34, ¶ 9.

¶8	The administrative judge found that none of these possible means of establishing Board jurisdiction is present in this case, and the appellant has not shown error in that finding. *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶¶ 9-10 (2010). The appellant argues that he received no prior warning of his infractions, that he did not, in fact, access any information regarding his ex-wife and lacked any such intent, that he put forth a good work effort and performed with dependability and integrity, and that others did worse but are still employed by the agency. PFR File, Tab 1 at 4-5. Such claims and whether they support the agency's action do not establish Board jurisdiction. *Yakupzack v. Department of Agriculture*, 10 M.S.P.R. 180, 182 (1982) (the Board's review of probationary terminations does not include a review of the merits of the termination action).

¶9	Finally, the appellant, who appears pro se before the Board, argues that, due to his "current situation" he has no legal representation and lacks legal guidance. PFR File, Tab 1 at 4. An appellant has the right to be represented by an attorney or other representative. 5 U.S.C. § 7701(a)(2). However, no statute or regulation requires the Board to appoint a representative for an appellant, and it is the appellant's obligation to secure his own representative. *Brum v. Department of*

*Veterans Affairs*, [109 M.S.P.R. 129](#), ¶ 5 (2008). The appellant chose to proceed pro se and must accept the consequences of that decision. *Id.*

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection

Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.